UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND A. GOLFIERI, | ) |
| | ) |
|       *Plaintiff* | ) |
| | ) |
| v. | )   *Docket No. 06-14-B-W* |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of Social Security,** [1] | ) |
| | ) |
|       *Defendant* | ) |

## *RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff has applied for an award of attorney fees totaling $3,780.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to his Social Security Disability ("SSD") appeal, he obtained a remand for the purpose of award of benefits effective as of May 1, 2004 (the date of his fifty-fifth birthday). *See generally* EAJA Application for Fees and Expenses ("Fee Motion") (Docket No. 24); Recommended Decision on Defendant's Motion for Entry of Judgment and Remand (Docket No. 19); Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 22).[2]

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted new Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] The plaintiff's fee request contains a mathematical error. He requests $3,780.00 for a total of 23.5 attorney hours billed at a rate of $160.00 per hour. *See generally* Invoice dated January 29, 2007 submitted to Raymond A. Golfieri from Jackson & MacNichol ("Invoice"), attached to Fee Motion. However, by my calculations, the fee for 23.5 hours billed at $160.00 per hour totals $3,760.00.

>against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The commissioner concedes that the plaintiff is a prevailing party entitled to an award of attorney fees and lodges no objection to the hourly rate sought ($160.00); however, he contends that in certain respects the amount sought is excessive. *See* Defendant's Opposition to Plaintiffs' [sic] Motion for Attorney's Fees Under the Equal Access to Justice Act ("Fee Opposition") (Docket No. 25) at 2-8. Specifically, he argues that the court should:

1. Decline to award compensation for four invoice entries (totaling one hour and fifteen minutes) for time spent drafting two motions to extend time and reviewing court orders granting them. *See id*. at 4.

2. Reduce compensable time for nineteen other entries by one-eighth of an hour each (for a total of two hours and twenty-two minutes) to compensate for assertedly excessive charges caused by the plaintiff's counsel's practice of billing in fifteen-minute increments. *See id*. at 4-6.

3. Reduce compensable time for preparation of the statement of errors by an additional three hours and thirty minutes, from a total of fifteen hours and thirty minutes to twelve hours, on the basis that the total time devoted to that enterprise was excessive in view of plaintiff's counsel's level of experience and the fact that much of the brief consists of lengthy block quotes from various sources. *See id*. at 6-8.

For the reasons that follow, I agree that no compensation should be awarded for time spent on motions to extend time and that the remaining nineteen entries should be scaled back to compensate for the use of fifteen-minute billing increments; however, I disagree that a further cutback in the award for drafting of the statement of errors is appropriate.

1.	Motions To Extend Time.  The commissioner reasons that inasmuch as the plaintiff's counsel prepared motions to extend time for his own convenience and could not reasonably bill a client for those services, the government should not be made to foot the bill for it, either.  *See id*. at 4 (citing *Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992); *Bowman v. Secretary of Health & Human Servs.*, 744 F. Supp. 898, 900 (E.D. Ark. 1989).  The plaintiff counters that the commissioner's "billing judgment" rationale is undercut by the fact that, per the plaintiff's counsel's conversation with other local attorneys, the ordinary practice in this legal market is to bill clients for such time even though incurred to enable counsel to manage the overall demands of practice.  *See* Reply Memorandum re EAJA Application ("Fee Reply") (Docket No. 32) at 2 (citing *Samuel v. Barnhart*, 316 F. Supp.2d 768, 779-80 (E.D. Wis. 2004)).  The plaintiff submits no affidavit from his counsel or other area attorneys, or any other evidence, establishing that this is so.  *See generally id.*

An EAJA fee claimant bears the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim.  *See, e.g., Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *1 (5th Cir. Sept. 19, 2005); *Knight v. Barnhart*, No. Civ.A. 02-1741, 2003 WL 21467533, at *2 (E.D. La. June 20, 2003).  In the absence of evidence that the time in question was reasonably expended or that it would have been appropriate to pass along charges for it to a client, the plaintiff falls short of meeting that burden with respect to these invoice items.  *See Burr*, 782 F. Supp. at 1290 ("[T]he court finds that the hours expended for obtaining extensions of time were not reasonably necessary."); *Bowman*, 744 F. Supp. at 900 ("It is hard to see why counsel should be paid $75 for obtaining an extension of time which was entirely for counsel's convenience.").[3]  Accordingly,

---

[3] I am mindful, as well, that the plaintiff's counsel files motions for extensions of time in Social Security cases to address his own scheduling problems far more often than is the practice among the Social Security bar in this court.  This tends to strengthen the commissioner's hand in arguing that (i) the filings in question were made for counsel's convenience, and (ii) it is not reasonable to oblige the government to pay for them.

I recommend that no compensation be awarded for the hour and fifteen minutes (1.25 hours) claimed for preparation of motions to extend time and review of court orders granting them.[4]

        2.        <u>Billing in Quarter-Hour Increments</u>.  The commissioner next protests plaintiff's counsel's practice of billing in quarter-hour increments.  *See* Fee Opposition at 4-6.  He identifies eight invoice entries with respect to which the practice can be seen to have resulted in an excessive fee (for example, a $40 charge for a quarter of an hour to review a one-sentence-long order).  *See id*. at 5-6.  With respect to the remaining eleven entries for which the plaintiff seeks compensation, the commissioner argues that the fee sought should be rounded down because (i) each of those entries has been rounded to the nearest quarter-hour, and (ii) it is impossible to determine whether they accurately reflect time spent or are inflated as a result of that billing practice.  *See id*. at 6.[5]  He seeks a reduction of one-eighth of an hour (seven minutes and thirty seconds) for each of the nineteen entries, resulting in a total reduction of two hours and twenty-two minutes (2.375 hours) of compensable time.  *See id*.  The plaintiff replies that her counsel "does not acquiesce in the assertions regarding the billing in a minimum of one quarter hour segments versus one eighth hour segments but respectfully submits that the amount involved on that point is not worth briefing and simply leaves it to the court's discretion."  Fee Reply at 2-3.

Caselaw cited by the commissioner, as well as caselaw I have found, makes clear that reduction in a fee award is appropriate to the extent that the practice of billing in quarter-hour increments can be discerned to have resulted in an excessive charge (as in the eight specific examples cited by the commissioner).  *See, e.g., Preseault v. United States*, 52 Fed. Cl. 667, 680 (Fed. Cl. 2002) ("Plaintiffs' invoices disclose that their attorneys used a minimum quarter-hour billing

---

[4] *Samuel*, which the plaintiff cites, *see* Fee Reply at 2, is distinguishable inasmuch as counsel in that case requested just one extension and spent a minimal amount of time (0.4 hour) doing so, *see Samuel*, 316 F. Supp.2d at 779.

[5] The commissioner appropriately excludes from these calculations the four invoice entries pertaining to counsel's two motions to
(*continued on next page*)

4

increment that resulted in inordinate charges for simple tasks, such as leaving and reviewing e-mail and voice-mail messages."); *Hagan v. MRS Assocs., Inc.*, No. Civ. A. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001), *aff'd*, 281 F.3d 1280 (5th Cir. 2001) ("The billing records in this case, reflecting many quarter-hour time entries for the briefest of tasks, undermine the reasonableness of at least a portion of the billings."); *Edwards v. National Bus. Factors, Inc.*, 897 F. Supp. 458, 461 (D. Nev. 1995) (observing that "no attorney" needs 0.25 hour to review a one-page order); *Williams v. Sullivan*, Civ. A. No. 89-3285, 1991 WL 329581, at *2 (D.N.J. Feb. 7, 1991) (reducing fee award to extent counsel's practice of billing in thirty-minute increments had resulted in thirty-minute claims for such simple tasks as serving complaint, reviewing answer and signing consent order; observing, "Reason dictates that all of these services did not take thirty minutes.").

Yet courts are split as to whether it is otherwise appropriate simply to assume that the practice has resulted in a windfall and slash a fee award across the board. *Compare, e.g., Bobol v. HP Pavilion Mgmt.*, No. C 04 00082 JW (RS), 2006 WL 927332, at *5 (N.D. Cal. Apr. 10, 2006) (declining to slash fee award by requested twenty percent across the board, or by any particular amount, on basis that "to compensate for rounding that may or may not have had a net upward effect would be unduly speculative and arbitrary") (footnote omitted); *Debose v. Apfel*, 67 Soc. Sec. Rep. Serv. 77, 79 (E.D. Pa. 2000) (declining to adjust fee award to compensate for counsel's practice of billing in fifteen-minute increments when commissioner failed to point to any specific instances of artificial inflation of attorney hours expended); *Kyser v. Apfel*, 81 F. Supp.2d 645, 647 (W.D. Va. 2000) (declining defendant's request to slash five hours from plaintiff's total fee claim to adjust for counsel's practice of billing in fifteen-minute increments; noting that defendant had neglected to pinpoint instances in which the practice had resulted in excessive billing) *with Inman v. Apfel*, 70

---

extend time, which he argues should not be recompensed at all.  *See* Fee Opposition at 6 n.4.

Soc. Sec. Rep. Serv. 807, 809 (M.D. Fla. 2000) (reducing amount claimed by one-eighth of an hour for every billing entry that apparently had been rounded to the nearest quarter-hour); *Blackman v. District of Columbia*, 59 F. Supp.2d 37, 44 n.5 (D.D.C. 1999) (warning that, in future, court would decline to award fees if counsel had not calculated time in tenth-hour increments); *Zucker v. Occidental Petroleum Corp.*, 968 F. Supp. 1396, 1403 (C.D. Cal. 1997), *aff'd*, 192 F.3d 1323 (9th Cir. 1999) (reducing fee award by five percent across board to account for practice of billing in quarter-hour increments; observing, "Such a calculation – apparently harmless on its face – will over the course of litigation as complex as this add up to tens of thousands of dollars in unearned legal fees."). In the absence of (i) controlling caselaw on this point and (ii) any argument from the plaintiff (who bears the burden of demonstrating the reasonableness of the fee request) that an across-the-board reduction should not be applied in this case, I recommend that the court reduce the total time for which a fee is claimed by the requested two hours and twenty-two minutes (2.375 hours) to compensate for use of fifteen-minute billing increments.

      3.      <u>Time Expended Drafting Statement of Errors</u>.  The commissioner finally seeks a 3.5-hour reduction in the total of 15.5 hours claimed for drafting the statement of errors, arguing that in view of the plaintiff's counsel's expertise and his use of lengthy verbatim block quotes throughout much of the brief, its preparation should have consumed no more than twelve hours' time. *See* Fee Opposition at 6-7. The plaintiff rejoins that (i) the overall time expended on the case was reasonable and necessary to achieve a good result, (ii) the commissioner has suggested in other cases that twenty to forty hours is a reasonable amount of time to devote to these cases, and (iii) his counsel did exercise billing judgment, writing off certain charges. *See* Fee Reply at 3; Invoice at [3]-[4]. The plaintiff has the better of this argument.  The commissioner has indeed suggested in other cases that a claim for up to forty hours of attorney time is within the pale for a typical Social Security case. *See,*

6

*e.g., Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997) ("The typical EAJA application in social security cases claims between thirty and forty hours."); *Curtis v. Barnhart*, 89 Soc. Sec. Rep. Serv. 649, 650 (D. Me. 2003) (rec. dec., *aff'd* Sept. 11, 2003) ("The commissioner herself takes the position that an investment of between twenty and forty hours would be reasonable in a case such as this."). The commissioner has not made clear how, in his view, this case should have taken less time than other garden-variety Social Security appeals. Moreover, while it is true that the plaintiff's sixteen-page statement of errors contains a number of block quotations, it also discusses a kaleidoscope of asserted errors and contains a good measure of detailed analysis backed by specific citations to the Record. *See generally* Plaintiff's Itemized Statement of Errors (Docket No. 12). An investment of 15.5 hours in its preparation and correction does not, in these circumstances, strike me as excessive or unreasonable. Accordingly, I recommend that the court decline to shave an additional 3.5 hours from the plaintiff's fee request.[6]

In summary, I recommend that the court (i) decline to award fees for 1.25 hours billed for drafting of two motions to extend time and review of orders granting those motions (for a total reduction of $200.00) and (ii) reduce the number of compensable hours by a further 2.375 hours to adjust for the plaintiff's counsel's practice of billing in quarter-hour increments (for a total additional reduction of $380.00). If this recommended decision is adopted, the plaintiff will be awarded a total of $3,180.00 for 19.875 hours of attorney time devoted to this case – a reduction of $600.00 from the total requested fee award of $3,780.00 for 23.5 hours of attorney time expended.[7]

---

[6] The commissioner argues that his requested reduction in compensable time for preparation of the Statement of Errors is further supported by the fact that the plaintiff's counsel seeks remuneration for time spent filing the document – a clerical task. *See* Fee Opposition at 7-8. Nonetheless, the electronic filing of the document cannot have consumed more than a few moments of the total eleven hours billed for continuing to draft the document (adding at least two substantive sections) and correct it as well as filing it. *See* Invoice at [3]. I discern no reason for a further adjustment beyond the eighth-of-an-hour reduction I have proposed be made to this invoice entry to account for the impact of billing in quarter-hour increments.

[7] The $600.00 figure derives from a $20.00 adjustment to account for a mathematical error made by plaintiff's counsel in calculating the fee plus the $580.00 in reductions I have proposed the court make.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of March, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge